UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURA CAMILO and CARLOS MEJIA, on behalf of themselves, individually, and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> -against- <br><br> PARRILLA LATINA RESTAURANT, INC., and 2501 WEBSTER RESTAURANT CORP., and YSIDRO RAMIREZ, individually, and TOMASA IZAQUIRRE, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.:** <br><br> Jury Trial Demanded |

AURA CAMILO and CARLOS MEJIA, (together as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against PARRILLA LATINA RESTAURANT, INC. ("Parrilla Latina"), and 2501 WEBSTER RESTAURANT CORP. ("2501 Webster," and together with Parrilla Latina as "the Restaurant"), and YSIDRO RAMIREZ, individually, and TOMASA IZAQUIRRE, individually, (together, with the Restaurant, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), NYCRR tit. 12, §§ 146-1.1, 146-1.2, 146-2.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiffs worked for Defendants - - two corporate entities that consecutively operated a single restaurant in the Bronx, as well as the entities' owners and day-to-day overseers - - as a cashier and a cook, from 2005 to July 16, 2017, and May 2014 to July 2017, respectively. As described below, throughout their employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action ("the Relevant Time Period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. Specifically, during at least the Relevant Time Period, Defendants routinely required Plaintiffs to work beyond forty hours in a workweek but paid them a flat rate for each day worked regardless of how many hours they worked per day or week, and thus failed to compensate them at the statutorily-required overtime rate for any hours that they worked per week in excess of forty, in violation of the FLSA's and the NYLL's overtime provisions. Defendants further failed to compensate Plaintiffs at least at the statutorily required minimum wage rate for all hours worked each week under the FLSA or the NYLL.

3.      Defendants also failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when their spread of hours exceeded ten during a given day, as the NYLL and NYCRR require.

4.      Additionally, Defendants failed to provide Plaintiffs with proper wage statements on each payday or provide Plaintiff Mejia with an accurate wage notice at the time of hire, both as the NYLL requires.

5.      Defendants paid and treated all of their non-managerial employees in the same manner.

6.      Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs bring their claims under New York law on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts in to this action.

7.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiffs worked for Defendants in New York and were both "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     From 2005 until 2013, Defendant Parrilla Latina was a New York corporation with its principal place of business located at 2501 Webster Avenue, Bronx, New York 10458, which either sold and discontinued its operations in or around 2013, or merged with and continued its substantially similar operations with another entity in or around 2013.

12.     At all relevant times herein, Defendant 2501 Webster was and is a New York corporation with its principal place of business also located at 2501 Webster Avenue, Bronx, New York 10458.

13.     From at least the beginning of the Relevant Time Period until approximately 2013, Defendant Ramirez was the owner of Parrilla Latina.  In that role, Defendant Ramirez personally managed and oversaw the day-to-day operations of Parrilla Latina and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Ramirez had and exercised the power to hire and fire and approve all personnel decisions with respect to Parrilla Latina's employees.  Since 2013, after selling his ownership stake in Parrilla Latina to Defendant Izaquirre, Defendant Ramirez has continued to personally manage and oversee the day-to-day operations of 2501 Webster, along with Defendant Izaquirre.  In this role, Defendant Ramirez continues to have the power to hire and fire 2501 Webster's employees, supervise and control employee work schedules and conditions of

employment, determine the rate and method of wage payments to all employees, and is responsible for maintaining employment records.

14.     From approximately 2013 to the present, Defendant Izaquirre has owned 2501 Webster after purchasing Parrilla Latina from Defendant Ramirez.  In that role, since that time, Defendant Izaquirre has personally overseen the day-to-day operations of 2501 Webster including the payment of bills and employee wages.  Defendant Izaquirre was routinely present at 2501 Webster for employee meetings and to pay the electric bill.  Furthermore, Defendant Izaquirre has had the power to hire and fire and approve all personnel decisions with respect to 2501 Webster's employees.

15.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, both Parrilla Latina's and 2501 Webster's qualifying annual business exceeded and exceeds $500,000, and Parrilla Latina and 2501 Webster were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees and operated and operate a business that purchased and purchases, and sold and sells food products that have moved across state lines, such as chicken, beef, rice, and plantains, accepts payments in cash that has naturally moved across state lines, and accepted and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects both Parrilla Latina and 2501 Webster to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime and minimum wage compensation, and liquidated damages, pursuant to the applicable provisions of

the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in

the following collective:

> Current and former non-managerial employees, who during the
> applicable FLSA limitations period, performed any work for any of
> the Defendants, and who consent to file a claim to recover damages
> for minimum wage and overtime compensation that is legally due to
> them ("FLSA Plaintiffs").

17.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and

all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were not paid at least the required minimum rate of pay for all hours worked per

workweek; (5) were required to work in excess of forty hours in a workweek; and (6) were not

paid the required one and one-half times their respective regular rates of pay, or one and one-half

times the minimum wage, whichever is greater, for all hours worked per workweek in excess of

forty.

18.     At all relevant times, Defendants were aware of the requirement to pay Plaintiffs

and all FLSA Plaintiffs at an amount at least equal to the minimum wage rate for all hours worked

and at the overtime rate of rate of one and one-half times their respective regular rates of pay or

the minimum wage, whichever is greater, for all hours worked each workweek beyond forty, yet

they purposefully chose and choose not to do so.

19.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive

practice of willfully refusing to pay their employees at the minimum wage rate for all hours worked

per workweek or at the required overtime rate for all hours worked each workweek beyond forty,

in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP

23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly-situated

who, during the applicable limitations period, were subjected to violations of the NYLL and the

NYCRR.

21.     Under FRCP 23(b)(3), Plaintiffs must plead that:

a.      The class is so numerous that joinder is impracticable;

b.      There are questions of law or fact common to the class that predominate

over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

22.     Plaintiffs seek certification of the following FRCP 23 class:

Current and former non-managerial employees, who during the
applicable NYLL limitations period, performed any work for any of
the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

23.     During the previous six years Defendants have, in total, employed at least forty

employees that are putative members of this class.

### Common Questions of Law and/or Fact

24.     There are questions of law and fact common to each and every Rule 23 Plaintiff

that predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: (1) the duties that Defendants required and require the

Rule 23 Plaintiffs to perform; (2) the manner of compensating the Rule 23 Plaintiffs; (3) whether

the Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (6) whether the Defendants failed to pay the Rule 23 Plaintiffs their spread-of-hours pay for each day where their spread of hours worked exceeded ten from beginning to end; (7) whether the Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (8) whether the Defendants furnished the Rule 23 Plaintiffs with a wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether the Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (10) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

25.     As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial employees, and Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or pay them at least at the statutory minimum wage rate for all hours worked; and/or provide them with spread of hours compensation for all days where their spread of hours worked exceeded ten; and/or provide them

with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, to be paid at least the statutory minimum wage rate for all hours worked, to receive spread of hours compensation on the days that their spread of hours exceeds ten, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

26.    Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants.  Defendants did not pay Plaintiffs overtime for all hours worked over forty in a week, did not pay Plaintiffs at least at the minimum wage rate for all hours worked, did not pay Plaintiffs spread of hours pay of one hour at the minimum wage rate for each day where their spread of hours worked exceeded then, and did not furnish Plaintiffs with an accurate wage statement on each payday or Plaintiff Mejia with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

Superiority

28.     Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by any non-managerial employee of the Defendants would be identical to a suit brought by any other similar employee of Defendants for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

31.     Defendants are two corporate entities and two individuals that during the Relevant Time Period, as described above, consecutively owned and operated a restaurant serving Latin American fare located at 2501 Webster Avenue, Bronx, New York 10458.

32.     In 2005, Defendant Ramirez, on behalf of Parrilla Latina, hired Plaintiff Camilo to work at the restaurant as a cashier, and Plaintiff Camilo commenced her employment at the restaurant in that role at that time and continuously worked in that role until July 16, 2017.

33.     In or around 2013, Defendant Izaquirre bought Parrilla Latina from Defendant Ramirez.  After selling the restaurant, Defendant Ramirez continued to work there as a day-to-day manager and to personally oversee all day-to-day activities of its employees.

34.     In or around 2013, following the sale of Parrilla Latina, Defendant Izaquirre reincorporated the entity and renamed it 2501 Webster Restaurant Corp., as evidenced by the name

of the employer on Plaintiff Camilo's pay checks changing from Parrilla Latina, Inc. to 2501 Webster Restaurant Corp.

35.     From in or around 2013, Defendant 2501 Webster continued to be operated by Defendant Ramirez, the same manager that operated Parrilla Latina.  In addition to having the same exact manager, the restaurant continued with the exact same staff, the exact same operation of serving Latin American fare, and the exact same location at 2501 Webster Avenue, Bronx, New York.  Additionally, Defendant 2501 Webster continued the exact same wage practices as Defendant Parrilla Latina.

36.     In or around May 2014, Defendant Ramirez hired Plaintiff Mejia to work for 2501 Webster as a cook and Plaintiff Mejia commenced his employment with 2501 Webster in that role at that time and continuously worked in that role until July 2017.

37.     Even though Defendants hired Plaintiff Camilo to work as a cashier, throughout the Relevant Time Period, her main duties consisted of not only checking out customer orders at the register and counting money at the register at the end of her shift, but also taking food orders, answering the phone at the bar, serving food, and waiting tables.

38.     As a cook, Plaintiff Mejia's main duties were generally preparing food, but he also worked at the counter taking orders, served food, and delivered orders to customers a few times per month.

39.     Throughout at least the Relevant Time Period, Defendants required Plaintiff Camilo to work five or six days per week, starting her workday between 1:00 p.m. and 2:00 p.m. and working until approximately 12:30 a.m., without permitting her to take scheduled or uninterrupted breaks.  By approximation, throughout the Relevant Time Period, Defendants

required Plaintiff Camilo to work, and Plaintiff Camilo did routinely work, between fifty-two and one-half and sixty-nine hours per week.

40.     For her work, Defendants paid Plaintiff Camilo at the flat rate of $60.00 per day, regardless of the amount of hours that Plaintiff Camilo worked in a day or in a week. Thus, Defendants did not provide Plaintiff Camilo with an overtime premium for her hours worked each week in excess of forty or pay her at least at the minimum wage rate for all hours worked.

41.     As an example only, during the week of January 16 through January 22, 2017, Defendants required Plaintiff Camilo to work, and Plaintiff Camilo did work, the following schedule:

Monday, January 16, 2017: 2:05 p.m. until 12:30 a.m.;

Tuesday, January 17, 2017: 1:06 p.m. until 12:30 a.m.;

Wednesday, January 18, 2017: 1:52 p.m. until 12:30 a.m.;

Thursday, January 19, 2017: 1:04 p.m. until 12:30 a.m.;

Friday, January 20, 2017: Off;

Saturday, January 21, 2017: 2:53 p.m. until 12:30 a.m.;

Sunday, January 22, 2017: 3:12 p.m. until 12:30 a.m.

Thus, Plaintiff Camilo worked a total of sixty-two hours and forty-six minutes during this week. For her work during this week, Defendants paid Plaintiff Camilo a total of $360.00, or $60.00 per each of the six days worked. Thus, Defendants paid Plaintiff Camilo below the minimum wage for every hour that she worked this week and did not pay her an overtime premium for any hours that she worked during this week over forty.

42.     Throughout his employment, Defendants required Plaintiff Mejia to work six or seven days per week. On Monday, Tuesday, Wednesday, and Sunday, Plaintiff Mejia started his

workday at approximately 3:00 p.m. and worked until approximately 12:00 a.m., without scheduled or uninterrupted breaks. On Thursday, Friday, and Saturday, Plaintiff Mejia started his workday at approximately 7:00 a.m. and worked until approximately 4:00 p.m., although on many instances he would work a double shift until around midnight, without scheduled or uninterrupted breaks. By approximation, throughout his employment, Defendants required Plaintiff Mejia to work, and Plaintiff Mejia did routinely work, between fifty-six and sixty-three hours per week.

43.    For his work, Defendants paid Plaintiff Mejia at the rate of $65.00 per day when he worked in the kitchen, and $50.00 per day when he worked at the counter, regardless of the amount of hours that Plaintiff Mejia worked in a day or in a week. Thus, Defendants did not provide Plaintiff Mejia with an overtime premium for his hours worked each week in excess of forty or pay him at least at the minimum wage rate for all hours worked.

44.    As an example only, during the week of April 3 through April 9, 2017, Defendants required Plaintiff Mejia to work, and Plaintiff Mejia did work, the following schedule:

Monday, April 3, 2017: 3:05 p.m. until 12:01 a.m.;

Tuesday, April 4, 2017: 2:36 p.m. until 12:08 a.m.;

Wednesday, April 5, 2017: 2:58 p.m. until 12:05 a.m.;

Thursday, April 6, 2017: Off;

Friday, April 7, 2017: 2:30 p.m. until 12:03 a.m.;

Saturday, April 8, 2017: 7:43 a.m. until 12:30 a.m.;

Sunday, April 9, 2017: 2:27 p.m. until 12:30 a.m.

Thus, Plaintiff Mejia worked a total of sixty-three hours and fifty-four minutes during this week. For his work during this week, Defendants paid Plaintiff Mejia $65.00 for each of the five days that he worked in the kitchen, and $50.00 for the one day that he worked at the counter, for a total

of $375.00. Thus, Defendants paid Plaintiff Mejia below the minimum wage for every hour that he worked this week and did not pay him an overtime premium for any hours that he worked during this week over forty.

45.     Additionally, throughout their employment, Plaintiffs regularly worked shifts in which the spread of hours from the beginning of their shifts to the end exceeded ten, including for Camilo on January 16, January 17, January 18, and January 19, 2017 and for Mejia April 8 and April 9, 2017, as detailed above. However, on those days, Defendants failed compensate Plaintiffs with an additional hour's pay at the minimum wage rate.

46.     Defendants paid Plaintiffs in cash on a weekly basis.

47.     On each occasion when they paid Plaintiffs, Defendants failed to provide Plaintiffs with a wage statement that accurately listed, *inter alia*, their actual hours worked for that week or their overtime rates of pay for all hours worked.

48.     Additionally, Defendants failed to provide Plaintiff Mejia with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, his rate of pay, the frequency of his payments, the regular pay day designated by the employer, the name of his employer, and the employer's physical address.

49.     Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

50.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

51.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

52.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

54.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

55.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

56.     Defendants willfully violated the FLSA.

57.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

58.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

59.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

61.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

62.     As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

63.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

64.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the FLSA*

65.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     29 U.S.C. § 206 prescribes a minimum wage that employers must pay to their employees for each hour worked.

67.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

68.     As also described above, Defendants failed to compensate Plaintiffs and FLSA Plaintiffs at the minimum hourly rate of pay for all hours worked in accordance with the FLSA's minimum wage provisions.

69.     Defendants willfully violated the FLSA.

70.     At the least, Plaintiffs and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

71.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

72.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     NYLL § 652(1) and NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

74.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

75.     As also described above, Defendants failed to compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's and the NYCRR's minimum wage provisions.

76.     At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to pay at the minimum wage rate for all hours worked each week.

77.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

78.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

80.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

81.     As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

82.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

83.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

84.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

86.    As described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

87.    Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

88.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

89.    Plaintiff Mejia, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

19

91.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff Mejia, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

92.    As also described above, Defendants failed to furnish Plaintiff Mejia, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with any wage notice at their time of hire, let alone one accurately containing all of the criteria required under the NYLL.

93.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff Mejia, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

94.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff Mejia, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

95.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.     All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.     Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i.      Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and FRCP;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        October 5, 2018

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiffs*
                                655 Third Avenue, Suite 1821
                                New York, New York 10017
                                (212) 679-5000


        By:     _____
                JEFFREY R. MAGUIRE (JM 1982)
                ALEXANDER T. COLEMAN (AC 1717)
                MICHAEL J. BORRELLI (MB 8533)