# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

December 19, 2018

*Via ECF*
The Honorable J. Paul Oetken
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Camilo v. Parillia Latina Restaurant, Inc., et al.*
    Docket No.: 18-cv-9163 (JPO)(KHP)

Dear Judge Oetken:

  This firm represents Named Plaintiffs, Aura Camilo and Carlos Mejia, and Opt-in Plaintiff, David Galan Baptista (together as "Plaintiffs"), in the above-referenced action involving wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law against their former employers, Parrilla Latina Restaurant, Inc., and 2501 Webster Corp. ("Webster"), and Ysidro Ramirez, individually, and Tomasa Izaquirre, individually, (together as "Defendants"). We write now pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(d)(2) seeking costs and attorneys' fees for Defendant Izaquirre's failure to waive service, necessitating Plaintiffs to serve process, as well as her failure to reimburse Plaintiffs for the costs of service, necessitating Plaintiffs to prepare this motion.

  On October 17, 2018, Plaintiffs sent a Notice of a Lawsuit and Request to Waive Service of a Summons form, and a Waiver of the Service of Summons form (together as "Waivers"), to all Defendants, including Defendant Izaquirre, which are attached hereto as **Exhibit A** and **Exhibit B**, respectively. Subsequently, an attorney for Webster and Izaquirre, Paul Solda, Esq., contacted this firm and represented to the undersigned that both of his clients received the Waivers and that he would be filing a Notice of Appearance on both of his clients' behalf, which he did file on November 6, 2018. *See* Dkt. No. 10. Mr. Solda additionally requested more time to Answer or otherwise move with respect to the Complaint, which Plaintiffs agreed to, and Mr. Solda filed a stipulation that the Court so-Ordered on November 20, 2018. *See* Dkt. No. 12.

As is squarely relevant now, Mr. Solda also represented during the same telephone conversation that while he would return the executed Waiver on behalf of Webster, he would not return the Waiver on behalf of Izaquirre.  On November 16, 2018, on the Waiver-return deadline, Plaintiffs' counsel followed up with Mr. Solda by email providing him with law on the ramifications of when a defendant to a federal lawsuit fails to waive pursuant to Fed. R. Civ. P. 4(d)(2), and again requested that Mr. Solda return the signed waiver form on behalf of his client, Defendant Izaquirre, obviating the costs for service.  Mr. Solda responded on the same date, reiterating that he will "waive service only on behalf of defendant corp."  A copy of that November 16, 2018 email exchange is attached hereto as **Exhibit C**.  On November 30, 2018, Plaintiffs' counsel tried one last time by email to obtain the Waiver from Defendant Izaquirre, to which Mr. Solda responded that he has stated his position "several times now," and additionally opined that "any attorney who would blithely execute such a waiver on a party to which frivolous claims have been asserted – is not worth his salt."  A copy of that November 30, 2018 email exchange is attached hereto as **Exhibit D**.

Accordingly, left with no other option, on December 5, 2018, Plaintiffs effectuated service upon Defendant Izaquirre, and filed the affidavit of service on December 12, 2018. *See* Dkt. No. 15.  On December 18, 2018, Mr. Solda filed an Answer on behalf of Defendant Izaquirre. *See* Dkt. No. 18.  Based on Defendant Izaquirre's failure to waive service in compliance with Fed. R. Civ. P. 4(d)(2), Plaintiffs incurred an unnecessary cost of $78.00 to serve Defendant Izaquirre at her residence in Hartsdale, New York.  A copy of the invoice is attached hereto as **Exhibit E**.

Under Fed. R. Civ. P. 4(d)(2), "[w]here a plaintiff provides notice and a request for waiver as required under Rule 4(d)(2), and a defendant located within the United States fails to comply with the request for waiver, 'the court shall impose the costs subsequently incurred in effectuating service on the defendant unless good cause for the failure is shown.'" *Memory Film Productions v. Makara*, 2007 WL 9719093, at *1 (S.D.N.Y. Nov. 8, 2007) (quoting Fed. R. Civ. P. 4(d)(2)). Indeed, this Court has emphasized that when a defendant located in the United States fails, without good cause, to sign and return a waiver of service requested by a plaintiff located within the United States, the court *must* impose on the defendant: (a) the expenses later incurred in making service; and (b) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *Biro v. Nast*, 2012 WL 3262770, at *15 (S.D.N.Y. Aug. 10, 2012) (Oetken, *J.*)

Courts have recognized that the Advisory Committee Notes to the 1993 Amendments enacting Fed. R. Civ. P. 4(d) "make it manifest that 'it is not a good cause for failure to waive service that the claim is unjust.'" *Morales v. SI Diamond Tech., Inc.*, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17, 1999).  Additionally, "[t]he official 'Waiver of Service of Summons' form promulgated pursuant to Fed. R. Civ. P. 84 similarly instructs that 'it is not good cause for a failure to waive service that a party believes that the complaint is unfounded.'" *Id*. (citing Fed. R. Civ. P. Appendix of Forms; Form 1B); *accord Double "S" Truck Line, Inc.*, 171 F.R.D. 251, 253 (D.

Minn. 1997) (explaining that "the commentary to Rule 4(d) makes it abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case"). In *Morales*, the court found that "[d]efendants' steadfast refusal to comply with plaintiff's properly issued notice of waiver, for no reason other than a belief that the complaint lacks merit and a desire to increase plaintiff's costs not only falls short of good cause, it violates each defendant's express duty under the Rule to 'avoid unnecessary costs of serving the summons.'" 1999 WL 1444469, at *4 (citing Fed. R. Civ. P. 4(d)(2)). The *Morales* court also held that "attorneys' fees incurred in attempting to effect service, and in connection with the filing of this motion . . . are clearly recoverable." *Id*. (citing Fed. R. Civ. P. 4(d)(5)).

In the present matter, Defendant Izaquirre resides in New York, and unquestionably received the Waiver as confirmed by his counsel, Mr. Solda, who has appeared in this matter on Izaquirre's behalf. Additionally, the only reason that Mr. Solda provided for failing to waive service and for requiring that personal service be effectuated upon his client is that "any attorney who would blithely execute such a waiver on a party to which frivolous claims have been asserted – is not worth his salt." See **Exhibit D**. But as mentioned in the prior paragraph, this rational for driving up unnecessary costs for service has been expressly found to violate the Federal Rules and to be insufficient for the purposes of showing good cause. Indeed, Plaintiffs' counsel made multiple efforts to provide the applicable case law to Izaquirre's counsel through emails, but Mr. Solda obstinately ignored the rule based upon his own opinion of the merits of the claims asserted against his client. Therefore, Plaintiffs respectfully request the Court order Defendant Izaquirre to reimburse Plaintiffs for the cost of effectuating service upon her, in the amount of $78.00, as well as the attorneys' fees incurred for having to make this request. As to the latter request, as it stands now, Plaintiffs request compensation for one hour of my time, billed at $295 per hour, and for eighteen minutes of time spent by Alexander T. Coleman, the partner supervising my work on this case who reviewed this letter before filing it, at the rate of $350 per hour, for a total of $400 in attorney time. Courts routinely approve of these rates in similar matters. *See Vivaldo v. United Talmudical Academy of Kiryas Joel, Inc.*, 14-cv-2636-GWG, Dkt. No. 128 (Feb. 9, 2018) (approving rates of $400.00 per hour for Michael J. Borrelli, $350.00 per hour for Alexander T. Coleman, $295.00 per hour for Jeffrey R. Maguire, and $90.00 per hour for the Firm's paralegals); *Davis et al. v. Uptown Communications & Electric, Inc. et al.*, 16-cv-3990-LB, Dkt. No. 105 (E.D.N.Y. Nov. 15, 2017) (approving same rates).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the Firm*

To: Defendants' Counsel (via ECF)