LAW OFFICES OF

# PAUL J. SOLDA

EMPIRE STATE BUILDING
350 FIFTH AVENUE, 68TH FLOOR
NEW YORK, NEW YORK  10118

(212) 967-3393

ADMITTED IN:
NEW YORK
PENNSYLVANIA
CONNECTICUT
WASHINGTON, D.C.

ps@soldalaw.com

December 21, 2018

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

RE:   AURA CAMILO and CARLOS MEJIA v. PARRILLA LATINA
      RESTAURANT, INC., 2501 WEBSTER RESTAURANT CORP., ET.AL.
      Civil Action No. 1:18-cv-09163

Dear Honorable Judge:

     This office represents the interests of the Defendant TOMASA IZAGUIRRE.  We respond to plaintiff's motion (dated 12/19/2018) made pursuant to FRCP Rule 4(d)(2) - which seeks costs and attorneys fees for defendant's failure to waive service. Defendant Izaguirre, however, asserts that "good cause" justified her refusal to consent to such service waiver and as such - the motion should be denied.

     Upon information and belief, a "notice of lawsuit and waiver request" was mailed by plaintiff on October 17, 2018 - but was mailed only to the following address: 2501 Webster Avenue, Bronx, New York. This is notably the address of one of the corporate defendants - 2501 Webster Restaurant Corporation. Ms. Izaguirre [1] has no residence nor connection with this address. Ms. Izaguirre resides at 21 Old Farm Lane, Hartsdale, New York[2].  Ms. Izaguirre was neither employed nor has had any ownership interest with 2501 Webster Restaurant Corporation.

     When counsel conferred in early November, 2018, we discussed these issues in detail.  <u>We never represented that Ms. Izaguirre received such a waiver</u> - but only that one was forwarded from the 2501 Webster Restaurant location and presumably for that corporate defendant. We discussed that Ms. Izaguirre had absolutely no privity with the corporate defendants (no

---

[1]   Plaintiff incorrectly spells defendant's name as "Tomasa Iza**q**uirre" and has likewise cited same to the caption of this case.

[2]  21 Old Farm Lane, Hartsdale, New York is the address where defendant was subsequently served formally with this lawsuit.

ownership interest equitable or otherwise). As a consequence we advised that she was not a proper party to the lawsuit. Without proper mailing of such papers, we further advised plaintiff's counsel that we would not be accepting such waiver. Our subsequent email confirmed the foregoing. We should note, however, that this firm consented to the waiver of service which was mailed to the corporate defendant - 2501 Webster Restaurant Corp.

At no time from counsel's phone conversation in early November - did plaintiff ever attempt to mail a copy of the underlying waiver to the home address of Ms. Izaguirre. Interestingly, plaintiffs counsel had this address going back to a case in which he served as counsel entitled - <u>FIORDALIZA DIAZ v JOYERIA ELIZABETH I, ET. AL.</u> (US District Ct., SDNY, Civ. No. 17-5136). Ms. Izaguirre was a defendant in that action (a co-owner of a jewelry/collateral loan broker business). During that case, we have been advised that Plaintiff's counsel learned about our client's personal assets - but for some reason misapprehended facts regarding any purported ownership to the present case and these corporate defendants. It should also be mentioned that after formal service upon Ms. Izaguirre, an answer was filed on December 18, 2018 - setting forth the defense of being an improper party.

Most important, at no time was plaintiffs underlining waiver form ever mailed/delivered to a suitable address associated with Ms. Izaguirre. Pursuant to FRCP 4(d)(2) and supporting case law – non-receipt of a waiver request by the subject defendant is sufficient cause to decline waving service. See: <u>Owens v. Benton</u>, 190 Fed. Appx. 762, 764 (11th Cir. 2006) (no expenses when it is unclear that correct parties had been served with waiver forms). See also: <u>Polk Construction Corp. v. Covasa Construction</u>, 2013 WL 618-4988 at 2 (ED La, 11/26/2013) (no expenses ordered when it was unclear that defendant ever received waiver forms). Perhaps more significant, in <u>Hy Cite Corp v. badbusinessbureau.com LLC</u>, 418 F. Supp. 2d 1142 (D. Ariz. 2005) - no expenses were ordered where defendant never had been mailed a request for waiver despite defendant informing plaintiff matter was futile.

Accordingly, we request that plaintiffs motion be denied in its entirety as there was no plausible basis for plaintiff's counsel to demand that Ms. Izaguirre consent to such service waiver.

We will await the Court's direction.

Thank you and Happy Holidays.

**PAUL J. SOLDA**
ATTORNEY AT LAW

Hon. J.P. Oetken
December 21, 2018
Page 3

                                        Yours truly,

                                        *Paul J. Solda*

                                        Paul J. Solda

cc:    Jeffrey R. Maguire, Esq./Borrelli & Associates (via ECF)